ARTHUR W. SWEEZY, Appellant, *v.* HENRY C. McBRAIR, Respondent.

*Injunction — proprietary medicine — when using it and advertising its use will not be enjoined.*

In an action brought to restrain the defendant from using and advertising a certain preparation known as " Hypodontine," prepared by the plaintiff as a local anæsthetic for the painless extraction of teeth, it appeared that the plaintiff sold a bottle of the mixture without placing any restrictions upon the purchaser, and it came into the possession of the defendant.

*Held,* that the defendant, having purchased the genuine article which came from the plaintiff, he had a right to use it as he saw fit, and that there was no just ground for preventing him from either using the article for the purpose for which it was made and sold, or advertising it for that purpose.

APPEAL by the plaintiff, Arthur W. Sweezy, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 12th day of February, 1895, upon the decision of the court rendered after a trial at the Orange Special Term dismissing the complaint.

*Gilbert O. Hulse,* for the appellant.

*Vanamee, Watts & Vail,* for the respondent.

PRATT, J.:

This is an appeal from a judgment rendered at the Orange Special Term dismissing the complaint.

The action was brought to restrain the defendant from using and advertising a certain preparation known as " Hypodontine," prepared by the plaintiff as " a local anæsthetic for the painless extraction of teeth."

The plaintiff sold a bottle of this mixture and it came into the possession of the defendant, who advertised that he used the same in the extraction of teeth. Undoubtedly the word may have been a valid trade mark, and if the defendant had made or advertised and exposed for sale a spurious article he might have been enjoined, but that is not this case. Here the defendant advertised that he used the genuine article and it was sold by the plaintiff. Having purchased the genuine article from the plaintiff he had a right to use

it as he saw fit. When the plaintiff sold the article he did so without placing any restriction upon the purchaser, and we cannot see any just ground for preventing the defendant from either using the article for the purpose for which it was made and sold, or advertising it for that purpose.

Again, it was an article that no one but a dentist could use, and the plaintiff must have inferred when he sold the article that it was wanted for and was to be used by a dentist.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed, with costs.